65,555-22

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 18 2015

Abel Acosta, Clerk

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: WR-65,555,

EX PARTE ALEX MELVIN WADE, JR.,
 Applicant.

FOR THE 179th JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS, PRESIDING RROYCE
Cause No.: 729,136-H

APPLICANT ALEX MELVIN WADE, JR.,"S AMENDED RESPONSE TO STATE'S ANSWER

MAY IT PLEASE THE COURT:

Applicant amendment to State's Original Answer, upon receipt of a State's Original Answer, said answer had already been forwarded to the Court of Criminal Appeals.

The Applicant's previous applications for writ of habeas corpus, cause numbers 729136-A, denied on November 1, 2006, cause number 729136-B was denied on February 25, 2009, cause number 729136-C, was denied in April 29th, 2009 these application address a parole issue. Cause number 729136-D was denied on October 2, 2013, this application addressed seeking credit to his sentence in the amount of 183 days. Applicant refiled for his presentence credit only after filing his first "nunc pro tunc," with the clerk of court. Cause number 729136-E was denied on January 22nd, 2014 after filing his second "nunc pro tunc," with the Clerk's Office. Applicant refile his writ application underr cause number 729136-F which was denied on Ocober 15,2014. Applicant filed his "Third Nunc Pro Tunc," in the Clerk's Office seeking 183 days presen- tence credit. On June 24th, 2015, Applicant filed under cause number 726136-G, it was in that application the Honorable Baldwin Chin, Assistant District Attorney, acknowledged the designated issue of whether applicant was denied

pre-sentence jail credits as the issue needs to be resolved in the above captioned cause. (See Exhibit A-A-A-A,1-4) It is apparently this Court was not sent the copy of the Order Designating Issue as mandated by Rule 73.3(b)(1). Be it noted for the Record One, Linda Garcia, Assistant District Attorney, some 80 days after Baldwin Chin's Motion toodesignate issues were filed abruptly State's Orginal Answer totally in disregard to the filing of Baldwin Chin (A-A-A-A, 1-4).

Applicant filed under writ number 729136-H denied August 25th, 2015 the refiling seeking pre-sentence jail time credit with a copy of Third Nunc Pro Tunc, (Exhibit "A,"A,"A,") showing the relief requested and a copy of Clerk's Record showing the judge took no action.

Andrew Smith Assistant District Attorney argue in 729136-G this Applicant should be sancoationed because of abuse of filing the writ under Tex. Gov't Code Section 498.0045. Based on the above writs brought before this Court this Court has stated in matters of this nature which is one of not first impression. See, Ex Parte Rieck, 144 S.W.3d 510(Tex.Crim.App 2009), the issues raised in causes number 729136-D, 729136-E, 729136-F, 729136-G and 729136-H are issues that this Court's interputationof the statute says it does not apply in wris as the ones filed in cause numbers 729136-E-H.

Applicant cause number 729136-I, is a parole issue where Applicant alleges "actual innocence" and "prosecutional misconduct," that cause the parole be revoked without according him due process of law.(See Applicant Motion for Leave to Amend the writ of habeas corpus)

Applicant has been made to believe this Court, Court of Criminal Appeals have exclusive jurisdiction over criminal proceeding.

Applicant's contention in raising and addressing he is entitled to pre-sentence and jail time credit is not a frivoloious issue presented to the court in light of Reno v. Koray, 115 S.Ct. 2021(1995), this applicant is entitled to credit on his sentence for anytime spent in custody in connection with the offense.

Applicant present the judge's judgment and committment order, it clearly do not show applicant credit for the date of arrest in 1992 and or anyother time prior to 1996. Applicant extridicted to Texas on a Governor's warrant on two separate occassion the credit is not shown for which he is entitled as a matter of law.

Applicant is made to suffer violation of his rights vested by the State of Texas, where the pre-sentence jail time credit entitled he will not be credited with his street time that will afford his sentence be completed on Stember 1996. The sentence served will be an unconstitutional imposed sentence served by applicant.

The filing of the writ application seeks to have the Court to intervene and protect his constitutional rights. See, For discussion of credt for time served for offenses committment under the indictment. Credit for time served in William L. Menards et al., Project, Twentieth Annual Review of Criminal Procedure; United States Supreme Court and Court of Appeals 1989-1990, Geo. L.J. 591, 1107.

## CONCLUSION

For the foregoing reasons, this Honorable Court should overrule State's Original Answer seeking sanctions against applicant and remand to the lower court for resolution of the issue of pre-sentence jail time credit, respect-ively.

-3-

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing pleading along with exhibits in support mentioned in this pleading to the Office of the District Attorney, Devon Anderson 1201 Franklin Street, Houston, Texas 77002 on this _____ day of November 2015 by depositing the same in the Prison Mail Box at Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705 postage prepaid.

Dr. Alex Melvin Wade, Jr.
Attorney of Record

-4-

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: 729136

STATE OF TEXAS,                                § IN THE 179th JUDICIAL DISTRICT COURT

                                               §

vs.                                            § OF

                                               §

ALEX MELVIN WADE, JR.,                         §
    Defendant.                                 § HARRIS COUNTY, T E X A S

### DEFENDANT'S THIRD NUNC PRO TUNC

Defendant Alex Melvin Wade, Jr., pro se herein and pursuant to Rule 23.2, Texass Rules of Appellate Procedure, where the trial court has the authority to correct the judgment to reflect the appropriate sentence by "nunc pro tunc," and grant Defendant with presentence jail credit when the sentence is pronounced. Texas Code Criminal Proedure Article 42.03 §2(a) This Defendant seekes to cause the court to correct the sentence and provide his with the appropriate pre-sentence credit for good cause as in the following:

### I.

The certified copy of the Judgment and Committment Order dated August 27th, 2014, issued by JS Kublcek, Deputy.

The Order show the date offense Committed, 4-9-1992. The Clerk's Record should show Defendant was held in leiu of $250,000.00(Two Hundred Fifty Thousand Dollars) bail and held to and until the bail was reduced in and argreed order by the then Harris County, Texas District Attorney. Defendant has not been credited with the 46 days stay upon the initial arrest, under 42.03 §2(a). Defendant is entitled to credit for pre-sentence time spent in custody in connection with the instant offense.

"A," "A," "A"

The bond was set in the amount of $75,000.00(Seventy Five Thousand Dollars) the the Honorable J. Michael Wilkenson, presiding in the 178th Judicial District Court, Harris County, Texas.

Defendant was rearrested by the Harris County Texas Sheriff Department at 2919 Warbler Lane, Humble, Texas upon his arrival back home after contact was made with him, A-Better Bail Bonding Company, that a hearing would be held the following day because of reindictment by the Harris County, Texas District Attorney's Office, this was done in 1995, Defendant has not received the 18 days confinement on the instant offense. Defendant is entitled to credit on the judgment and committment of Defendant pursuant to Rule42.3§2(a) as a mattrr of law.

In the year of 1996, Defendant was arrested by Order of Judge Wilkenson, because of his not appearing with an attorney at law during that hearing. Defendant remained in the Harris County Jail for a period that exceeded 30 days and was confined in connection with the instant offense. Defendant is entitled to a period of 40 days credt to his pre-sentence confinement pursuant to Rule 42.3§2(a) Texas Code of Criminal Proc., as a matter of law.

In 1996, Defendant was extridicted from the State of Indiana, Hamilton County, because of the offense alleged in the indictment, at said time Donna Goode was not the attorney of record, Defendant bond was forfietured by the Honorable J. Michael Wilkenson, and the bond was doubled in the amount of $150,000.00(One Hundred Fifty Thousand Dollars). Defendant remained in the custody of the Harris County Sheriff Department awaiting posting of the $150,000.00 bond which was completed some 49 days later. Defendant is entitled to credit on his sentence for time spent in custody in connection with the instant offense, pursuant to Rule 42.3§2(a).

-2-

Defendant was retained in the Marion County Jail, Indianapolis Indiana and held for the purpose of extridication. Defendant was release on bail to a State Bonding Company and was rearrested and held in the Marion County Jail awaiting extridiction to Harris County, Texas on the instant offense in the indictment numbered 729,136 for a period of 30 days and is entitled to credit for the time spent in custody in correction with the instant offense, pursuant to 43.3.32(a), CCP. respectively.

## CONCLUSION

Wherefore, Defendant Alex Melvin Wade, Jr., prays, that upon this Court investigation of the above time spent in custody by Defendant on the instant offense, credit his sentence with 183 days time spent in custody in correction with the instant offense.

cause all interested parties, TDCJ=CID and Texas Board of Pardons & Paroles of the sentence to entitled Defendant with all credit aplied to the sentence of the court,

Respectfully Submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing "Nunc Pro Tunc," has this 2nd Day of September 2014 been served upon the Office of the Honorable Devon Anderson, Harris County, District Attorney, 1201 Franklin Street, 6th Fl., Houston, Texas 77002, postage prepaid.

Dr. Alex Melvin Wade, Jr.

-3-

## NO. 729136-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE 179TH DISTRICT COURT |
| | § | OF |
| ALEX MELVIN WADE, JR.,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S MOTION REQUESTING DESIGNATION OF AN ISSUE

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CRIM. PROC. CODE ANN. art. 11.07, § 3(d) (West Supp. 2013), designate the issue of whether the applicant was denied pre-sentence jail credits as the issue which needs to be resolved in the above captioned cause.

EXHIBIT A,A,A,A-1-4

Service has been accomplished by mailing a copy of the State's Motion Requesting Designation of an Issue and Proposed Order Designating an Issue to:

Alex Melvin Wade, Jr.
1624189
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

SIGNED this 2nd day of January, 2015.

Respectfully submitted,

BALDWIN CHIN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #00783823

2

NO. 729136-G

EX PARTE                                    §      IN THE 179TH DISTRICT COURT

                                            §      OF

ALEX MELVIN WADE, JR.,
     Applicant                              §      HARRIS COUNTY, TEXAS


## STATE'S PROPOSED ORDER DESIGNATING AN ISSUE


Having reviewed the application for writ of habeas corpus, the Court finds that the issue of whether the applicant was denied pre-sentence jail credits needs to be resolved

Therefore, pursuant to Article 11.07, § 3(d), this Court will resolve the above-cited issue and then enter findings of fact.

The Clerk of the Court is ORDERED to transmit the Court's instant order designating issues to the Court of Criminal Appeals. The Clerk of the Court is ORDERED NOT to transmit any additional documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court.

3

**By the following signature, the Court adopts the State's Proposed Order Designating an Issue in Cause Number 729136-G.**

SIGNED on the _____ day of _____, 2015.

?S? ORIGINAL SIGNED BY THE

PRESIDING JUDGE, 179TH DISTRICT COURT
HARRIS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

NO. 729136

IN THE 179th DISTRICT

COURT OF HARRIS COUNTY, TEXAS

Alex melvin Wade

Change of Venue From: _____

JUDGMENT ON JURY VERDICT OF GUILTY - PUNISHMENT FIXED BY COURT OR JURY

Judge Presiding: Judge Sam Robertson    Date of Judgment: 4-30-1997

Attorney for State: Donna Goode

Attorney for Defendant: Alex m. Wade Pro Se    [ ] Waived Counsel

Offense: Forgery

Degree: 3rd

Date Offense Committed: 11-9-1992

Charging Instrument: Indictment/~~Information~~

Plea: Not Guilty

Jury Verdict: Guilty

Foreman: Peter N. Saricanic

Plea to Enhancement Paragraph(s): True

Findings on Enhancement: True

Affirmative Findings: (Circle appropriate selection – N/A = not available or not applicable)
DEADLY WEAPON: Yes |No (N/A)   FAMILY VIOLENCE: Yes |No (N/A)   HATE CRIME: Yes |No (N/A)

Date Sentence Imposed: 4-30-1997    Costs: 166.50    Punishment Assessed by: Jury

Punishment and Place of Confinement: 20 years TDCJ    /Fine 10,000    Date to Commence: 9-29-1996  4-30-1997

Time Credited: -0-    Total Amount of Restitution/Reparation/Reward: NA

Concurrent Unless Otherwise Specified: _____

Restitution/Reward to be Paid to:
Name: _____
Address: _____

Statement of Amount of Payment(s) required/Terms of Amount: _____

This cause being called for trial, the State appeared by the above named attorney, and the defendant appeared in person in open court, the above named counsel for Defendant also being present, or where a defendant is not represented by counsel, the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled, and sworn, the Jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

On April 30 , 19 97 , the Defendant having previously elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the charging instrument contains enhancement paragraph(s), which were not waived and alleges Defendant to have been convicted Once previously of any felony or offenses for the purpose of enhancement of punishment, the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court; they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant be punished in accordance with the Jury verdict or the Court's finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that the said Defendant be delivered by the Sheriff to the Director of the Texas Department of Criminal Justice, Institution Division, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary. Further, the court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, Code of Criminal Procedure.

AND the said Defendant was remanded to jail until said Sheriff can obey the directions of this judgment.

STATE'S writ EXHIBIT A No. 729136-H PENGAD 800-631-6989

Plea Before Jury - Court/Jury Assessing Punishment
CRM-4   R10-07-93

Page 1



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:

Alex M. Wade, Jr
1624189
Mark W. Stiles
3060 FM 3514
Beaumont, TX 77705-7638

**Memorandum response to correspondence received:** <u>3/20/2014</u>

**Re: Cause No(s)** <u>729136</u>.

**Dear** <u>Mr. Wade</u>,

☒ Your motion/request <u>Nunc Pro Tunc</u> was filed with the District Clerk and on <u>8/27/14</u> the Court:

    ☒ **Took no action**    ☐ Denied your Motion/Request    ☐ Granted your motion/request

    ☐ **Took action**    ☐ Advised attorney of record    ☒ **Other**

☒ Our records reflect your jail time credit to be at the time of sentence: <u>9/26/1996 to 4/30/1997</u>. Although sentence imposed date is 4/30/1997, the actual sentence to begin date is 9/29/1996. Judgment reflects no error.

☐ Contact TDC records for further information.

☐ Requests for certified copies:

    ☐ Please include full name, date of birth, and/or cause number.

    ☐ Copies must be ordered by document name for correspondence to determine how many pages, to be able to quote a price. The fee for certified or uncertified copies is $1.00 per page. All requests must include a self-addressed, stamped envelope. If the cause number is not known, there will be a record search fee of $5.00.

☐ Other:

3

**CHRIS DANIEL, District Clerk**

By: JRO

Clerk in the <u>179th</u> District Court

APPLICANT'S EXHIBIT " <u>B</u> "

STATE'S WRIT EXHIBIT B 729136-H
PENGAD 800-631-6989

P.O. BOX 4651 • HOUSTON, TEXAS 77210-4651 • (713) 755-5749